UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of                                                                      101 West Lombard Street
**GEORGE L. RUSSELL, III**                                          Baltimore, Maryland 21201
United States District Judge                                               410-962-4055

December 15, 2015

MEMORANDUM TO PARTIES RE:         Sally Boarman v. Carolyn W. Colvin
                                                                  Civil No. GLR-14-4028

Dear Parties:

Pending before the Court is Plaintiff's, Sally Boarman, unopposed Motion for Reconsideration. (ECF No. 16). The Motion is ripe for disposition. The Court, having reviewed the Motion and related documents, finds no hearing is necessary. See Local Rule 105.6 (D.Md. 2014). For the reasons that follow, the Motion will be denied.

On October 28, 2015, the Court issued an Order granting Defendant's, Carolyn W. Colvin, unopposed Motion to Dismiss.[1] (ECF No. 14). The Court found that Boarman failed to state a claim upon which relief could be granted because she failed to file her claim within the ninety-day limitations period prescribed in 42 U.S.C. § 2000e–5(f)(1) (2012). Boarman filed a Motion for Reconsideration on November 23, 2015; it is unopposed. (ECF No. 16).

Although the Federal Rules of Civil Procedure do not expressly recognize motions for "reconsideration," Rule 59(e) authorizes a district court to alter or amend a prior final judgment. See Katyle v. Penn Nat. Gaming, Inc., 637 F.3d 462, 470 n.4 (4th Cir. 2011). A district court may only alter or amend a final judgment under Rule 59(e) in three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). A Rule 59(e) amendment is "an extraordinary remedy which should be used sparingly." Id. (quoting Wright, et al., Federal Practice and Procedure § 2810.1, at 124 (2d ed. 1995)). Furthermore, "[a] motion for reconsideration is 'not the proper place to relitigate a case after the court has ruled against a party, as mere disagreement with a court's rulings will not support granting such a request.'" Lynn v. Monarch Recovery Mgmt., Inc., 953 F.Supp.2d 612, 620 (D.Md. 2013) (quoting Sanders v. Prince George's Pub. Sch. Sys., No. RWT 08CV501, 2011 WL 4443441, at *1 (D.Md. Sept. 21, 2011)).

Boarman argues the Court should consider her untimely Opposition to Colvin's Motion to Dismiss, filed on November 4, 2015. (ECF No. 15-1). She contends the Court should consider her Opposition because while she served it on Colvin on October 15, 2015, she did not know she was

---

[1] The Court granted Boarman's Request for an Extension of Time on August 20, 2015, directing her to file an opposition by October 20, 2015. (ECF No. 13). As of October 28, 2015, the Court had not received an opposition from Boarman.

required to file a copy with the Court.  The Court declines to consider Boarman's Opposition for three reasons.  First, although the Court should afford pro se plaintiffs a full opportunity to respond to dispositive motions, <u>see</u> <u>Phair v. Montgomery Cty. Pub. Sch.</u>, No. JFM-99-2876, 2000 WL 968447, at *1 (D.Md. July 12, 2000), the Court did so in this case by providing Boarman with an additional two months after the original deadline to file her opposition with the Court.  Second, Boarman is attempting to relitigate her case after the Court dismissed her Complaint.  Third, Boarman neither identifies new law or facts, nor argues the Court must reconsider its previous ruling to correct a clear error of law or prevent manifest injustice.  The Court will, therefore, deny Boarman's Motion.

Based on the foregoing reasons, Boarman's Motion for Reconsideration (ECF No. 16) is DENIED.  Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

/s/

_____
George L. Russell, III
United States District Judge

2